# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00355-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| RICHARD ANDREW BROKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Richard Andrew Broker's motion for psychiatric or psychological evaluation. Docket No. 19. For the reasons stated below, the Court **GRANTS** Defendant's motion in part and **DENIES** it in part.

Defendant is charged in a criminal indictment with mailing threatening communications, in violation of Title 18, United States Code, Section 876(c). Docket No. 1. He appeared before the Court on counsel's motion on February 11, 2016. He made his initial appearance on this indictment on April 4, 2016. Docket No. 13. The Court ordered Defendant remanded to custody and transported to Springfield, Missouri to continue his current civil commitment. *Id*.

The parties agree that Defendant should undergo an examination to determine whether he is presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Docket No. 19 at 2; Docket No. 21 at 4. The parties disagree, however, as to whether Defendant should be allowed to select his own examiner. Docket No. 19 at 2; Docket No. 21 at 4.

The Court finds that a mental competency evaluation is properly ordered pursuant to 18 U.S.C. §§ 4241(a) and 4247. As Defendant is not serving a sentence of imprisonment on the instant case, 18 U.S.C. § 4245 does not apply. Further, as Defendant is not a person whose sentence is set to expire, 18 U.S.C. § 4246 does not apply. The parties agree that 18 U.S.C. § 4248 does not apply in the instant case. Docket No. 21 at 2; Docket No. 22 at 2. Therefore, pursuant to 18 U.S.C. § 4247(b), Defendant is not entitled to select an additional examiner.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion for psychiatric or psychological evaluation (Docket No. 19) is **GRANTED** in part and **DENIED** in part.

2. In accordance with 18 U.S.C. §§ 4241 and 4247, Defendant shall undergo a psychiatric or psychological evaluation at the Springfield, Missouri (USMCFP) facility where he is currently housed to determine:

   a. whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   b. whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists, who have not ben are are not currently involved in Defendant's treatment at the Springfield facility. 18 U.S.C. § 4247(b).

4. Upon request by the Springfield facility, the parties may release to the facility any records which may bear upon a complete and informed evaluation of Defendant's mental competency.

5. Within 30 days from today's date, a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Alicia H. Cook, Special Assistant United States Attorney, and to John George, counsel for Defendant.

6. The report shall include:

    a. Defendant's history and present symptoms;

    b. A description of the psychiatric, psychological or medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

7. Defendant's request to select his own examiner is **DENIED**.

8. The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

9. The Court sets a status hearing on this matter for June 6, 2016, at 10:00 a.m., in Las Vegas Courtroom 3C.

IT IS SO ORDERED.

DATED: April 26, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge