# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00355-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| RICHARD ANDREW BROKER, ) | (Docket No. 57) |
| ) | |
| Defendant. ) | |

Pending before the Court is the United States' amended motion for psychiatric or psychological evaluation.  Docket No. 57.  The Court ordered Defendant to file any response no later than March 6, 2017.  Docket No. 58.  No response has been filed.  *See* Docket.  Accordingly, the Court **GRANTS** the United States' motion.  Docket No. 57.

Defendant is charged in a criminal indictment with mailing threatening communications, in violation of Title 18, United States Code, Section 876(c).  Docket No. 1.  He appeared before the Court on counsel's motion on February 11, 2016.  He made his initial appearance on this indictment on April 4, 2016.  Docket No. 13.  The Court ordered Defendant remanded to custody and transported to Springfield, Missouri to continue his current civil commitment.  *Id*.

Defendant was previously evaluated to determine his competency and criminal responsibility.  *See* Docket No. 23.  He was found competent to proceed.  Docket No. 32.  Concern was raised, however, regarding his criminal responsibility.  Docket No. 57 at 1.  As a result, the United States filed a motion for psychiatric evaluation.  Docket No. 44.  The United States later withdrew that motion, as the parties were discussing a plea agreement.  Docket Nos. 48, 57.  Once the plea negotiations proved unfruitful, the United States renewed its request for a psychiatric and/or psychological examination to determine Defendant's criminal responsibility, pursuant to 18 U.S.C. § 4242(a).

Accordingly,

**IT IS ORDERED** that:

1. The United States' motion for psychiatric or psychological evaluation (Docket No. 57) is **GRANTED**.

2. In accordance with 18 U.S.C. § 4242(a), Defendant shall undergo a psychiatric or psychological evaluation, in coordination between the US Medical Center for Federal Prisoners-Springfield and Dr. Christina Pietz, before the end of April 2017, to determine Defendant's criminal responsibility at the time of the offense charged.

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists, who have not been are are not currently involved in Defendant's treatment. 18 U.S.C. § 4247(b).

4. Within 30 days from today's date, a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Alicia H. Cook, Special Assistant United States Attorney, and to John George, counsel for Defendant.

5. The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

6. The Court sets a status hearing on this matter for May 8, 2017, at 11:00 a.m., in Las Vegas Courtroom 3D.

IT IS SO ORDERED.

DATED: March 7, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge